In Re:

DISCIPLINARY COUNSEL : Case No. 96–283

RELATOR, :

V. :

DEBORAH P. O'NEILL :

RESPONDENT. : **ENTRY AND DECISION ON MOTION FOR**
: **RECONSIDERATION OF ENTRY STRIKING MOTION**
: **FOR SUMMARY JUDGMENT**

This matter comes before the Commission on the Motion of Respondent for reconsideration of the Commission's Entry Striking her motion for summary judgment. She also seeks leave to file a reply memorandum in connection with that motion out of time. The Commission has reviewed fully the materials relevant to these motions, including the Commission's Pre–Trial Order of March 6, 1996, the motion, memoranda and evidentiary submissions.

The Pre–Trial Order sets specific deadlines for filing motions and memoranda. It also specifically provides that "Modification of the Pre–Trial Order only occurs by order of the Commission." Such requirements, as agreed to by counsel, permit both counsel and a court or commission to plan, prepare, and work on a playing field where the rules are clear and not situational.

Here Respondent failed to file the motion for summary judgment and reply memorandum as required by the scheduling order. Essentially Respondent contends that the excusable neglect of her counsel in preparing the certificate of service caused the filing of the motion for summary judgment beyond the deadline, and that a busy schedule precluded counsel from filing a reply memorandum in support of the motion for summary judgment until five days after it was due. In each instance counsel knew the deadline would not be met before it was reached. No explanation is offered as to why counsel failed to request an extension of time to submit these materials. Apparently, counsel assumed they could disregard the Commission's Pre–Trial Order.

Absent good cause shown, the Commission finds that the motions for reconsideration and for leave to file a reply memorandum are not well taken and they are denied.

BY ORDER OF THE COMMISSION